The **LUMBERMEN'S MUTUAL INSURANCE COMPANY**, a Corporation, Plaintiff,

v.

Bertha Mae **EDWARDS**, Defendant.

No. 67 C 217(2).

United States District Court

E. D. Missouri, E. D.

Aug. 13, 1968.

J. H. Cunningham, Jr., Willison, Cunningham & McClellan, St. Louis, Mo., for plaintiff.

Hayes & Hayes, St. Louis, Mo., for defendant.

## MEMORANDUM

MEREDITH, District Judge.

The plaintiff corporation, Lumberman's Mutual Insurance Company, is organized under the laws of the State of Ohio. Its principal place of business is Mansfield, Ohio. The defendant, Bertha Mae Edwards, is a citizen of the State of Missouri. Lumberman's Mutual Insurance Company requests a declaratory

judgment as to its liability to Bertha Mae Edwards on a fire insurance binder covering certain property located in the City of St. Louis, Missouri. The defendant has filed claims for loss under the binder for a total amount of $28,204.46. She demanded that the total face value of the binder, $20,000, be paid to her. This Court has jurisdiction under the provisions of 28 U.S.C. §§ 1332 and 2201.

The plaintiff filed this action on June 30, 1967, alleging that it was not liable on the binder to the defendant because she was not named as mortgagee on the original binder, and that she was not the owner of any interest in the property. The defendant filed a three-count counterclaim requesting: (1) reformation of binder to include her as mortgagee; (2) damages for vexatious refusal to pay; (3) damages for inducing the owners of record title to breach their contract to keep the premises insured for the defendant's benefit. The plaintiff amended its complaint on February 19, 1968, to allege that the defendant was the agent or nominee of William Wittman in all pertinent matters involved, and that Wittman had failed to comply with policy provisions by negligently failing to save and preserve the property at or after a loss. The cause was tried to the Court.

The plaintiff introduced, over the timely objection of the defendant, evidence that the fires which caused the loss were of an incendiary nature and caused by Wittman. Thereafter, the plaintiff amended its petition to allege the incendiary nature of the fires and that Wittman set, or caused them to be set.

William Wittman purchased seven properties in one transaction on December 1, 1965. The price was a total of $215,000 and was not broken down into separate prices for each of the seven properties involved. Wittman paid $5,000 in cash and gave a deed of trust for $210,000. This deed of trust did not cover two of the properties sold, 5722 and 5728 Westminster. The property involved in this action is located at 5728 Westminster. Wittman sold 5728 Westminster to William A. Logan and his

wife, LaWanda Logan, by contract, dated July 5, 1966. The deed of trust was recorded on October 17, 1966. The purchase price was $19,000. The total amount was secured by a deed of trust. No cash changed hands. The deed of trust required the purchaser, Logan, to keep the premises insured for the benefit of the mortgagee. The mortgagee listed on the deed of trust was Bertha Mae Edwards.

Bertha Mae Edwards worked for William Wittman. She lived in an apartment building which belonged to him, collected his rents, cleaned, and acted as his "secretary" by answering the phone and collecting mail delivered to her address for Wittman. She signed many papers at Wittman's direction, without knowing the contents of any of them. She testified that if she received any money on the deed of trust, she would turn it over to Wittman. She would do this because, in her words, "he's a nice person to me, treated me nice, give me a home for me and my children * * *" She was the straw party of Wittman and had no other interest in the property or the insurance.

 In all pertinent matters involved in this case, Wittman was acting for himself. The Court in determining the issues of this case will treat Wittman as the beneficial owner of whatever interest Bertha Mae Edwards may have had under the fire insurance binder in question. The courts will not permit the use of a straw party to perpetrate a fraud. See Ryan v. Stubblefield, 100 S.W.2d 444 (Mo. 1936).

Wittman, purporting to act for the Logans, obtained a fire insurance binder with a face value of $20,000 insuring 5728 Westminster for thirty days. He did this on November 3, 1966, and paid the premium of $147 by his personal check. A fire damaged the premises in the early hours of November 4, 1966. Wittman, again purporting to be acting for the Logans, contacted the insurance company on November 4, 1966, and requested that Bertha Mae Edwards be

listed a mortgagee on the binder, effective November 3, 1966. At this time Wittman was aware of the fire which damaged the premises, but he did not disclose the fire to the insurance company. Another fire broke out on the premises on November 6, 1966. Wittman over the signature of Bertha Mae Edwards, submitted a claim for damage to the premises of $18,902.81 from the first fire and $9,301.65 from the second fire.

 Bertha Mae Edwards may not recover on the binder because Wittman acted fraudulently in attempting to secure coverage for her when he knew that the premises had already been damaged by the event he was attempting to insure against. This was clearly an attempt to defraud the insurance company. Had the insurance company known of the first fire, it would have refused to change the binder to include coverage in the future.

The plaintiff discovered that the Logans had not authorized Wittman to purchase insurance for them and did not desire any insurance. The plaintiff entered into an agreement with the Logans cancelling the binder issued November 3, 1966, ab initio and paid them the $147 premium. This was done with the knowledge that Wittman through Bertha Mae Edwards was claiming an interest in the insurance proceeds as mortgagee. This is the conduct upon which the defendant bases her claim that the plaintiff is liable to her for inducing the Logans to breach their contract to keep the premises insured.

 The plaintiff's conduct was certainly inequitable in paying Wittman's $147 to Logan when it was aware that the money was Wittman's and not Logan's. This does not, however, amount to inducing the Logans to breach their contract to keep the premises insured, because they did not insure the premises. They did not insure premises personally, and they did not authorize Wittman to order the insurance for them. Wittman was acting solely on his own in ordering the insurance.

Wittman misrepresented several material facts in this transaction. He misrepresented his agency, his interest, and that a fire had occurred. All of Wittman's acts reek with fraud. He will not be allowed to recover through Bertha Mae Edwards against the plaintiff insurance company on the insurance binder.